IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TRAVIS LAMONT BETTERSON,

    Petitioner,

v.

WARDEN CHARLES MIMS,

    Respondent.

CIVIL ACTION NO.: 4:25-cv-252

**O R D E R**

Before the Court is the Magistrate Judge's October 22, 2025 Report and Recommendation, (doc. 3), to which objections have been filed, (doc. 7). The Magistrate Judge recommended that Betterson's 28 U.S.C. § 2254 Petition, (doc. 1), be dismissed as untimely. (See, e.g., doc. 8, p. 4.) As the Magistrate Judge correctly recognized, the one-year statute of limitations on § 2254 petitions runs so long as no direct appeal or state collateral proceeding is pending and is not restarted by any new filing. (Id. at pp. 4—6); see also, e.g., 28 U.S.C. § 2244(d). Betterson's Objection "concedes the procedural history as stated in the magistrate Judge's [sic] report and recommendations." (Doc. 7, p. 1.) He, therefore, concedes that his Petition was untimely. The Magistrate Judge also considered whether there was any basis for equitable tolling or assertion of actual innocence, despite the Petition's failure to assert either. (See doc. 3, pp. 7--9; see also doc. 1, pp. 28—29.) Betterson's Objection asserts several wholly novel arguments that he is entitled to equitable tolling, but does not assert that the Magistrate Judge's analysis of the Petition was incorrect. (Doc. 7, pp. 1—3.) The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation. (Doc. 3.) Because, as explained below, Betterson's attempt to

assert that he is entitled to equitable tolling are both procedurally and substantively meritless, those new arguments are unavailing and the Petition is **DISMISSED** as untimely.  (Doc. 1.)

The Petition does not assert any entitlement to equitable tolling.  (See doc. 1, pp. 28—29.) Betterson's Objection argues, for the first time, that he is entitled to equitable tolling, first, "due to prison administration's deprivation / denial of access to Law Library research materials and computer time . . . ."  (Doc. 7, p. 1.)  It argues that he is also entitled to equitable tolling "due to petitioner's egregious attorney misconduct by failing to release complete file and evidence promptly after final orders were issued on State Habeas Corpus on November 1, 2024."  (Id. at p. 2.)  He also identifies efforts he made to diligently pursue his rights by filing a grievance with his prison's administration concerning his access to legal materials and a complaint against his attorney with the State Bar of Georgia.  (Id.)  He has attached documents that he contends are proof of those efforts.  (Id. at pp. 5—12.)  As explained below, his novel assertion of those arguments in his Objection is procedurally improper and, even if the Court excused the impropriety, they are meritless.

First, Betterson's Objection is untimely.  The Magistrate Judge entered his Report and Recommendation on October 22, 2025.  (Doc. 3.)  Betterson had fourteen days from that date to file any objection.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Fourteen days from October 22, 2025, was Wednesday, November 5, 2025.  Because Betterson was served by mail, the Federal Rules of Civil Procedure automatically extended the deadline until November 10, 2025.  See Fed. R. Civ. P. 6(a)(1)(C), (d).  Betterson's Objection was not signature filed until November 17, 2025.  (See doc. 7, p. 3); Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (under the "prison mailbox rule," a pro se prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing and "[a]bsent evidence to the contrary, [courts] assume

that a prisoner delivered a filing to prison authorities on the date that he signed it." (internal quotation marks and citations omitted)). Betterson may contend that his Objection is timely because he contends that he did not receive the Report and Recommendation until November 7, 2025. (Doc. 6, p. 1.) He is incorrect. Under both statute and the Federal Rules, the fourteen-day objections period is calculated from the date of "service." See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "[U]nder Rule 5[ of the Federal Rules of Civil Procedure], service is complete upon the mailing itself, not actual receipt." 4B ADAM N. STEINMAN, FEDERAL PRACTICE & PROCEDURE CIVIL § 1171 (4th ed. Sept. 2025); see also, e.g., Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (the Federal Rules "deem mailing of such notices by the clerk to be notice to a party, whether or not the notice is actually received or actually noticed by the party."). Although the Objection is untimely, the Court will exercise its discretion and consider it.

It is well-settled that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court might, therefore, simply decline to consider Betterson's arguments. However, pro se parties, like Petitioner are entitled to have their filings charitably construed, and such charity often extends to consideration of arguments asserted for the first time in an objection to a report and recommendation. See, e.g., Newsome v. Chatham Cnty. Det. Ctr., 256 F. App'x 342, 344 (11th Cir. 2007). The Court will, therefore, exercise its discretion and consider the merits of Betterson's arguments that he is entitled to equitable tolling of the applicable statute of limitations. Cf. Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) (applying Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), to require district courts resolve all claims a petitioner raises for tolling the limitations period).

"A [§ 2254] petitioner is entitled to equitable tolling [of the one-year statute of limitations] if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." Aureoles v. Sec'y, D.O.C., 609 F. App'x 623, 624 (11th Cir. 2015) (citing Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015)). As the Magistrate Judge did in charitably considering whether the Petition presented any plausible basis for equitable tolling, the Court also might "assume[ ] that the procedural history [recounted in the R&R is] sufficient to support the conclusion that Betterson . . . diligently pursued his rights . . . ." (Doc. 3, p. 7.)  However, neither the lack of access to legal materials nor an attorney's failure to provide a petitioner with the record of the underlying case is an "extraordinary circumstance" sufficient for equitable tolling. See, e.g., Floyd v. Sec'y, Fla. Dept. of Corrs., No. 23-13482, 2024 WL 4586612, at *2 (11th Cir. June 3, 2024) (reasonable jurists would not dispute that "a lack of access to legal documents and law libraries does not constitute extraordinary circumstances to warrant equitable tolling." (citing Dodd v. United States, 365 F.3d 1273, 1277 (11th Cir. 2004); Atkins v. United States, 204 F.3d 1086, 1089—90 (11th Cir. 2000)); Goins v. United States, CV316-068, 2017 WL 235187, at *1 (S.D. Ga. Jan. 18, 2017) ("Whether Petitioner exercised diligence or not, his inability to obtain documents to assist him in preparing his [habeas] motion did not constitute an extraordinary circumstance warranting equitable tolling." (citations omitted))[1]; see also Stewart v. Sec'y, Fla. Dept. of Corrs., 355 F. App'x 275, 281—82 (11th Cir. 2009) (attorney's failure to return petitioner's case file was, at most, negligent and "not the type

---

[1] The Eleventh Circuit has "determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." Jones v. United States, 304 F.3d 1035, 1037 n. 4 (11th Cir. 2002) (internal quotation marks and citations omitted); Gary v. Sec'y, Fla. Dept. of Corrs., 3:14-cv-882-J-32JRK, 2017 WL 2834767, at *4 n. 10 (M.D. Fla. June 30, 2017) ("The general principles governing equitable tolling apply equally to § 2254 petitions and § 2255 motions." (citation omitted)).

of attorney misconduct that will trigger equitable tolling."). Accordingly, Betterson has failed to identify any "extraordinary circumstance" that might entitle him to equitable tolling.

After a careful de novo review, the Court agrees with the Magistrate Judge's recommendations. As explained above, Petitioner's arguments for equitable tolling, asserted for the first time in his Objection, fail on their merits. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. 3.) Betterson's Petition is **DISMISSED** as untimely. (Doc. 1.) Finally, Betterson's Motion for Leave to Proceed In Forma Pauperis is **DISMISSED** as moot, (doc. 4), as he already paid the required filing fee, (see docket entry dated Oct. 21, 2025). Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 29th day of December, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA